**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OCEAN SPRAY CRANBERRIES, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>DECAS CRANBERRY PRODUCTS, INC.,<br><br>            Defendant. | Civil Action No. 08-CV-11738 (RWZ) |
| DECAS CRANBERRY PRODUCTS, Inc.,<br><br>            Counterclaim-Plaintiff,<br><br>    v.<br><br>OCEAN SPRAY CRANBERRIES, INC. and<br>RANDY C. PAPADELLIS,<br><br>            Counterclaim-Defendants. | |

**DECLARATION OF PROFESSOR BRIAN FARKUS IN SUPPORT OF OCEAN SPRAY'S REPLY BRIEF ON CLAIM CONSTRUCTION**

I, Brian Farkas, declare and state the following to be true, to the best of my knowledge, information and belief:

1. I make this declaration in support of Plaintiff Ocean Spray Cranberries, Inc.'s (Ocean Spray's) Reply Brief on Claim Construction.

2. I have been retained by the firm of K&L Gates LLP as an expert in connection with the litigation between Ocean Spray and Decas Cranberry Products, Inc. I have personal knowledge of the facts set forth below.

3.     I am a Professor of Food Engineering at the North Carolina State University.  I currently teach food engineering and I use <u>Introduction to Food Engineering</u> by Singh and Heldman in my classes.

4.     I received my Bachelors of Science in Food Science from the University of Delaware in 1985, my Masters of Science in Food Engineering at the University of California, Davis in 1989 and my PhD in Food Engineering at the University California, Davis in 1994.  I did post-doctoral work at the University of California, Davis under Dr. R. Paul Singh.  A copy of my CV is attached as Exhibit A.

5.     My current research involves heat, mass and momentum transfer as applied to food processing and preservation.  My research also involves mathematical modeling to develop a better understanding of transport phenomena.

6.     I have been asked to opine on how one of ordinary skill in the art would understand the term "level" as used in claim 29 of the '861 Patent, and in particular, how one of ordinary skill in the art would understand the term "level" as used in the phrase "formulating an infusion liquid having inherent soluble fruit component at a level equal to or greater than said decharacterized fruit."

7.     In forming my opinions, I have consulted and considered the following:

- the '861 Patent

- the May 25 and August 27 Declarations of Dr. Wilhelmsen

- numerous food science and engineering texts and other materials

8.     In my opinion, one of ordinary skill in the art would understand the term "level" as used in the phrase "formulating an infusion liquid having inherent soluble fruit component at a

level equal to or greater than said decharacterized fruit" as a concentration term measured on a per volume basis.

9. A per volume basis means either weight of inherent soluble fruit component ("ISFC") per volume, moles of ISFC per volume, or some other measure of the amount of ISFC per volume.

10. A person of ordinary skill in the art ("POSITA") would understand "level" to mean concentration as measured on a per volume basis because a POSITA would understand that the goal of the formulation step is to infuse the said decharacterized fruit "without net extraction" of the ISFC from the decharacterized fruit, as stated in the "infusing" step of claim 29.

11. There are two situations where no net extraction of the ISFC from the decharacterized fruit occurs: first is if there is a net migration of ISFC from the infusion liquid into the decharacterized fruit, and second is if there is no net migration of ISFC from either the infusion liquid or the decharacterized fruit.

12. A POSITA would appreciate that to achieve a net migration of ISFC from the infusion liquid into the decharacterized fruit, the infusion liquid should be formulated with an ISFC at a level (i.e. concentration) greater than the concentration of ISFC in the decharacterized fruit.

13. A POSITA would also appreciate that to achieve no net migration of ISFC from either the infusion liquid or the decharacterized fruit, the infusion liquid should be formulated with an ISFC concentration equal to the ISFC concentration in the decharacterized fruit.

14. In both instances of formulation, a POSITA would appreciate that a concentration with a per volume basis is necessary to make an accurate comparison.

15. Stated differently, a POSITA would appreciate that what determines rate and direction of migration of ISFC is the concentration gradient of ISFC measured on a per volume basis.

16. If the ISFC concentration in the infusion liquid as measured on a per volume basis is equal to the ISFC concentration in the decharacterized fruit as measured on a per volume basis, then there will be no net migration of ISFC from either the infusion liquid or the decharacterized fruit.

17. A POSITA would appreciate for there to be no net migration of ISFC, the concentrations in weight/volume of ISFC in the decharacterized fruit and the infusion liquid must be equal.

18. The same is not true if concentration is measured on a per weight basis.

19. A per weight basis means either weight of inherent soluble fruit component ("ISFC"), or some other measure of the amount of ISFC such as moles, per total weight of the liquid or solid containing the ISFC.

20. If the ISFC concentration in the infusion liquid as measured on a per weight basis is equal to the ISFC concentration in the decharacterized fruit as measured on a per weight basis, then there will be no net migration of ISFC from either the infusion liquid or the decharacterized fruit **only if** the density of the infusion liquid is equal to the density of the decharacterized fruit.

21. A POSITA would appreciate that the density of infusion liquid at a typical 70 brix will not have the same density as a decharacterized fruit.

22. Therefore, if ISFC concentration in the infusion liquid as measured on a per weight basis is made equal to the ISFC concentration in the decharacterized fruit as measured on

a per weight basis, then there will be a concentration gradient and one would get a net migration of ISFC.

23. I understand that Decas contends that "level" should be construed to mean a concentration measured on a per weight basis, specifically weight of ISFC per weight of infusion liquid or decharacterized fruit.

24. I understand that in support of this position, Decas cites to column 2, lines 38-46 of the '861 patent.

25. In column 2, lines 38-46 the % by weight measure given is an approximation of the volume based concentration as evidenced by use of the word "approximately." A POSITA would understand that the % by weight figure needs to be converted to a weight by volume measurement to accurately determine if no net migration of ISFC is occurring.

26. A POSITA would understand that Column 2, lines 38-46 describes a situation where no net migration of ISFC occurs, i.e. "[d]uring infusion, no net infusion or extraction of inherent soluble fruit component occurs."

27. A POSITA would also understand that if the concentration of ISFC is 1% by weight in the decharacterized fruit and in the infusion liquid that there will be a concentration gradient, and there will be net migration of ISFC because the density of decharacterized fruit and infusion liquid will be different.

28. A POSITA would understand that to read the example in column 2, lines 38-46 as requiring exactly 1% by weight of ISFC in both the decharacterized fruit and the infusion liquid would create a contradiction because that would create a positive net ISFC migration situation when the inventors stated that this example is a no net migration situation.

29. Rather, a POSITA would understand that in the situation of column 2, lines 38-46, the 1% by weight is just an approximation and that to get an accurate level or concentration reading, one would measure the concentration of the ISFC in the decharacterized fruit on a per volume basis and then formulate the infusion liquid to equal the ISFC concentration in the decharacterized fruit on a per volume basis which results in no net migration.

30. A POSITA would understand that although measuring the concentration on a per volume basis is slightly less convenient, it is the correct measurement to use when attempting to create a no net migration situation.

31. A POSITA would understand that equating the concentrations on a per weight basis would not create a no net migration situation because the densities of decharacterized fruit and of infusion fluid are different.

32. As an example of the inaccuracies created using a weight over weight concentration measure, assume that we have a situation where the concentration of the ISFC in the decharacterized cranberries is 1% on a weight over weight basis and the concentration of the ISFC in the infusion liquid is 0.8% on a weight over weight basis.

33. Now assume that the density of the decharacterized fruit is 1 g/cm$^3$ and the density of the infusion syrup is 1.25 g/cm$^3$.

34. To convert the weight per weight measurement to weight per volume measurement, we multiply the weight per weight by the density, as shown:

$$\frac{weight}{weight} \times density = \frac{weight}{volume}$$

35. Density is mass divided by volume.

36. For example, to convert a weight/weight measurement for the decharacterized fruit to weight/volume, one would multiple by the overall density of the fruit.

37. And, to convert a weight/weight measurement for the syrup into weight/volume, one would multiply by the overall density of the syrup.

38. The results of the conversion are shown in the chart below:

|  | Decharacterized cranberry | Infusion liquid |
|---|---|---|
| Concentration of ISFC % by weight | 1% | 0.8% |
| Density | 1 | 1.25 |
| Concentration of ISFC Weight per volume | 1% x 1 = 1% | 0.8% x 1.25 = 1% |

39. From the chart above, a POSITA would understand that since the concentrations of ISFC in the decharacterized cranberry and the infusion liquid on a weight per volume basis are equal, there will be no net migration of ISFC in the system.

40. But if "level" is construed by the Court to mean concentration on a weight per weight basis, then according to the first row of the chart above, the infusion liquid will have an ISFC level less than the ISFC level in the decharacterized cranberry.

41. A POSITA understands Fick's first law of diffusion as equation 10.1 on page 597 of Introduction to Food Engineering (4th ed.) by R. Paul Singh and Dennis R. Heldman. See Exhibit B of Wilhelmsen's declaration dated May 25, 2010.

42. A POSITA understands that to use Fick's first law of diffusion (equation 10.1), the concentration must be in a per volume basis form, e.g. either weight per volume or moles per volume.

43. I have been asked to opine on how one of ordinary skill in the art would understand the phrase "without net extraction of said inherent soluble fruit component from said decharacterized fruit" as used in claim 29 of the '861 Patent.

44. I understand Ocean Spray proposes that this phrase means "the amount of inherent soluble fruit component in the fruit increases or remains the same."

45. I understand Decas proposes that this phrase means "the result of a process such that, after all factors and interactions are taken into account, the concentration of a substance at a site is not measurably reduced."

46. In my opinion, a POSITA would understand the words "without net extraction of said inherent soluble fruit component from said decharacterized fruit" to mean that ISFC is not extracted, i.e. not removed, from the decharacterized fruit.

47. Not removing ISFC from the decharacterized fruit is the same as saying the amount of ISFC in the decharacterized fruit increases or remains the same.

48. If on the whole the ISFC increases in the decharacterized fruit, then on the whole the ISFC is not being removed from the decharacterized fruit.

49. If on the whole the ISFC remains the same in the decharacterized fruit, then on the whole the ISFC is not being removed from the decharacterized fruit.

50. Therefore, in my opinion, a POSITA would understand "without net extraction of said inherent soluble fruit component from said decharacterized fruit" to mean "the amount of inherent soluble fruit component in the fruit increases or remains the same."

I declare under the penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Dated: September 21, 2010          BY: _____
                                          Brian Farkas