UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OCEAN SPRAY CRANBERRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DECAS CRANBERRY PRODUCTS, INC., <br><br> Defendant. <br><br> DECAS CRANBERRY PRODUCTS, Inc., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> OCEAN SPRAY CRANBERRIES, INC. and RANDY C. PAPADELLIS, <br><br> Counterclaim-Defendants. | Civil Action No. 08-CV-11738 (RWZ) |

**DECAS'S MOTION TO COMPEL DEPOSITION TESTIMONY UNDER RULE 30(b)(6) AND TO SHORTEN TIME FOR OCEAN SPRAY'S OPPOSITION**

Pursuant to Rule 37(a)(3)(B), Decas Cranberry Products, Inc. respectfully asks the Court to compel Ocean Spray Cranberries, Inc. to produce a witness who can testify on the limited topics listed in Decas's notice of Rule 30(b)(6) deposition. Because the sought testimony is expected to be relevant to claim construction, Decas asks that Ocean Spray comply before Thanksgiving Day. This is because the Markman hearing is scheduled for December 8.

For this reason, Decas asks that Ocean Spray be ordered to file its opposition to this motion by Wednesday, November 17. Otherwise, Decas will be unable to take the deposition before the Markman hearing.

1

Decas's notice of November 5 had scheduled the deposition for November 16. *See* Exhibit A, attached. Ocean Spray has refused to designate or produce a witness and instead has thrown up unsupported and disingenuous objections to Decas's notice.

**Unsupported objection**

Ocean Spray argues inaccurately that the parties had agreed to postpone depositions pertaining to patent-related claims until after the December 8 Markman hearing. The parties made no such agreement. In fact, discovery on all patent claims is on a tight timetable, with discovery due to end within four weeks of the Markman ruling. Indeed, the parties have, from the start, placed patent-related discovery on a brisker schedule than the counterclaim discovery. *See*, for example, Joint Motion to Modify Scheduling Order [D.N. 65] at III.

The parties *have* agreed to postpone interrogatory answers and most document production until after Markman. In this regard, Decas has conveyed to Ocean Spray that it need not produce any documents for the 30(b)(6) deposition.

Moreover, the sought testimony is expected to be relevant to claim construction issues. Ocean Spray's conduct jeopardizes Decas's ability to take the Rule 30(b)(6) testimony before the December 8 Markman hearing.

**Disingenuous objection**

Remarkably, Ocean Spray has also contended that Decas could not use for Markman purposes the "extrinsic evidence" that may result from the deposition, because Decas had somehow taken the position that it would be improper for the Court to consider extrinsic evidence.

In fact, Decas has never said that extrinsic evidence – including the declarations of the parties' experts – has no place in Markman, only that it is of secondary importance to intrinsic

evidence. Ocean Spray has resorted to strained, far-fetched pretexts for avoiding a properly noticed deposition.

Ocean Spray took a Rule 30(b)(6) deposition of Decas on patent-related claims earlier this year. Indeed, it covered some of the limited number of topics that Decas now seeks to explore with Ocean Spray. Fairness dictates that the sought deposition go forward unobstructed.

WHEREFORE, Decas requests that the Court compel Ocean Spray to produce, before Thanksgiving Day, a witness prepared to answer questions on the topics included in Decas's deposition notice.

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

I certify that counsel for the parties have conferred in an attempt to resolve or narrow the issues presented by this motion and no agreement was reached.

Dated: November 12, 2010

Respectfully submitted,
DECAS CRANBERRY PRODUCTS, INC.
By its attorneys,

/s/ Joel R. Leeman
Joel R. Leeman (BBO# 292070)
Sunstein Kann Murphy & Timbers LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
Fax: (617) 443-0004
jleeman@sunsteinlaw.com

James F. Kavanaugh, Jr. (BBO# 262360)
Erin K. Higgins (BBO# 559510)
Conn, Kavanaugh, Rosenthal,
   Peisch & Ford LLP
Ten Post Office Square
Boston, MA 02109
jkavanaugh@ckrpf.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically on November 12, 2010 to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Joel R. Leeman