**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| OCEAN SPRAY CRANBERRIES, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>DECAS CRANBERRY PRODUCTS, INC.,<br><br>        Defendant. | Civil Action No. 08-CV-11738 (RWZ) |
| DECAS CRANBERRY PRODUCTS, INC.,<br><br>        Counterclaim-Plaintiff,<br><br>v.<br><br>OCEAN SPRAY CRANBERRIES, INC. and RANDY C. PAPADELLIS,<br><br>        Counterclaim-Defendants. | |

**OCEAN SPRAY'S OPPOSITION TO DECAS' MOTION TO COMPEL TESTIMONY
UNDER RULE 30(b)(6) AND CONDITIONAL CROSS MOTION TO COMPEL
DISCOVERY AND PERMIT RESPONSIVE TESTIMONY**

Ocean Spray Cranberries, Inc. ("Ocean Spray") hereby opposes Decas Cranberry Products, Inc.'s ("Decas'") motion to compel certain Rule 30(b)(6) testimony "before Thanksgiving."

As we advised Decas, Ocean Spray will of course provide the requested Rule 30(b)(6) testimony (subject to appropriate privilege and scope objections). Ocean Spray objects, however, to providing this extensive testimony urgently, on short notice, where: (a) the parties previously agreed to conduct depositions after completion of document productions, to avoid

BOS-1445774 v2

inefficiencies; (b) *at Decas' request*, document productions have been delayed; and (c) Decas has failed to respond to *any* of the interrogatories and document requests served by Ocean Spray *last July*.

Decas' Rule 30(b)(6) notice seeks testimony on Ocean Spray's manufacturing, testing, and record keeping from *the past twenty years*. Gathering the relevant materials and preparing a witness (or witnesses) is not a small undertaking. Doing it urgently, before completion of document productions, risks duplication, inefficiency, and incompleteness in the evidence.

As grounds for seeking the deposition immediately, Decas contends that "the sought testimony is expected to be relevant to claim construction." (Doc. No. 69, p. 1.) Decas offers no explanation for why Ocean Spray's manufacturing process from 1990 to 2010 is relevant to claim construction. Moreover, this statement contradicts Decas' previous representation to the Court that no additional extrinsic evidence was needed to construe the claims. Indeed, claim construction briefing was completed in mid September—if Decas truly needed this information for claim construction, why did it not notice the deposition 2-3 months ago?

The proper course here is to proceed with the discovery sequence the parties previously agreed to: completion of document discovery and interrogatories, followed by all fact depositions. This will avoid inefficiencies and potential duplication of testimony.

If, however, the Court does order Ocean Spray to provide this testimony urgently, then Ocean Spray hereby cross moves: (a) to compel Decas to provide, in the same time frame, its long-delayed document production and responses to Ocean Spray's July 15 interrogatories; and (b) for permission to present live testimony at the claim construction hearing from its expert, Professor Farkas, to respond to any arguments Decas raises in connection with the "new" extrinsic evidence it expects to gather from the deposition.

I.  **The Parties Agreed to Postpone Depositions Until After Exchange of Document Productions, and Decas Has Requested Multiple Postponements of Production**

Ocean Spray served its initial interrogatories and document requests on July 15.  (Exs. A, B.)  On August 16, Decas requested an extension to respond, which Ocean Spray granted.  (Exs. C, D.)

Thereafter, the parties engaged in a series of meet-and-confer discussions to set schedules for document production and for Decas to respond to Ocean Spray's interrogatories.  On multiple occasions, Decas requested extending further the agreed dates for beginning document production and responding to interrogatories, and Ocean Spray consented.  (Exs. E, F.)  In an email dated September 2010, Decas also proposed delaying depositions until after completing responses to interrogatories and document productions:  "[Decas'] suggestion [is] that the parties exchange all responsive documents on October 27, 2010, along with Decas's answers to Ocean Spray's interrogatories, with the thought that the parties could *begin* depositions in mid-November, 2010."  (Ex. F, emphasis added.)  Once again, Ocean Spray agreed with Decas' proposal.

During September and October, the parties completed claim construction briefing, expert affidavits on claim construction, and expert depositions on claim construction, but neither side conducted any fact discovery.  As the October 27 deadline approached, the parties jointly moved to extend the fact discovery cutoff until four weeks after the Court's ruling on claim construction. This was done without disrupting the plan to produce documents, respond to interrogatories, and then begin depositions.  (Doc. No. 65, p. 2.)

Thus, the status of fact discovery is as follows:  (a) the parties agreed to *begin* depositions after completing document productions and interrogatory responses; (b) at Decas' request, the agreed deadlines for completing document production and interrogatory responses have been

delayed, and document productions have not been exchanged.  Now, having delayed the start of fact discovery, Decas seeks to jump ahead with an extensive Rule 30(b)(6) deposition on short notice.  Permitting such a request, when Decas is the party that has held up discovery, would be unfair and burdensome to Ocean Spray.

The more efficient (and equitable) course is to follow through on the parties' agreed sequence:  exchange documents and interrogatory responses, then jointly schedule and complete fact depositions.  The parties agreed to this sequence because it will streamline depositions and avoid potentially repeating them.  Moreover, the agreed course will allow Ocean Spray to properly prepare for a Rule 30(b)(6) deposition that covers a great deal of time and subject matter.

## II.     The Noticed Deposition Is Not Needed for Claim Construction

As its basis for seeking the deposition on a rush basis, Decas contends that "the sought testimony is expected to be relevant to claim construction."  (Doc. No. 69, p. 1.)  It offers no explanation, however, as to how or why.  Decas also offers no excuse as to why this testimony is necessary two months after the briefing on claim construction has been fully completed.

Decas' notice seeks, essentially, testimony on Ocean Spray's manufacturing process for the past twenty years, as well as its measurement, tracking, testing, and record keeping practices over that time.  A patent owner's commercial process, however, is not relevant to claim construction, or, for that matter, to infringement.  *C.f. Neomagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002) ("It is well settled that claims may not be construed by reference to the accused device."); *Aquatex Industries, Inc., v. Techniche Solution*s, 479 F.3d 1320, 1327 (Fed. Cir. 2007) (infringement does not depend on patentee's product).  The

relevance of any of this testimony to claim construction is therefore dubious, and the testimony can wait until after the December 8 *Markman* hearing.

Moreover, Decas' assertion that it needs this testimony *now* is inconsistent with its arguments to the Court during the October 21 status conference. As the Court may recall, at that status conference,[1] Ocean Spray asked permission to present live testimony from its expert, Professor Farkas, at the *Markman* hearing on December 8. Ocean Spray submitted that since the dispute focuses on diffusion science, and particularly, on how one of skill in the art would understand the patent's objective and disclosure, the Court would benefit from hearing directly from the experts. Decas responded that the Court could rely on the expert's affidavits and depositions, that no further extrinsic evidence was needed, and that in any event, the Court should focus primarily on the intrinsic evidence. On October 28, the Court issued an order rejecting Ocean Spray's request to present live testimony at the *Markman* hearing. (Doc. No. 67.) Eight days later, Decas served its Rule 30(b)(6) deposition notice, seeking additional extrinsic evidence "relevant to claim construction."

Finally, as noted above, claims construction briefing is complete and each side has had time to submit comprehensive arguments. Why Decas chose to serve the deposition notice now, after all claim construction briefing is complete and the Court has limited the role of experts at the *Markman* hearing, is unclear. Whether it was an oversight or respect for the agreed upon protocol, trying to squeeze the deposition in now, where the testimony has dubious relevance to claim construction, is unwarranted and would be prejudicial.

---

[1] We believe the status conference was not transcribed.

- 5 -

### III. Cross Motion to Compel and to Permit Live Testimony at the *Markman* Hearing

Ocean Spray requests that Decas' motion to compel be denied. Decas has offered no compelling reason why the evidence is "relevant to claim construction," and consequently, there is no reason to depart from the parties' agreed discovery sequence. Requiring Ocean Spray to present binding Rule 30(b)(6) testimony on 20 years of manufacturing, testing, and record keeping prior to document productions would be inefficient, unfair, and potentially prejudicial. If Decas truly needed this deposition for *Markman*, it could have served the deposition notice months ago.

If the Court does order the deposition to proceed on short notice, then, in fairness, Ocean Spray conditionally cross moves to compel Decas to respond to Ocean Spray's July 15 interrogatories and produce documents responsive to Ocean Spray's July 15 requests in the same time frame. The deposition sought by Decas now is no more relevant to claim construction than this other discovery.[2]

Second, if the Rule 30(b)(6) deposition goes forward before *Markman*, then Ocean Spray moves for permission to present live testimony from its expert, Professor Farkas, at the December 8 *Markman* hearing, to respond to whatever new evidence Decas presents. It would be unfair to permit Decas to spring new arguments at the Hearing based on new extrinsic evidence, without giving Ocean Spray the opportunity to fully respond. This is particularly true

---

[2] Thus far, the only discovery Decas has provided is some limited documentation, testimony, and sampling regarding its manufacturing process. This discovery was provided back in February and March 2010 in response to a Court order, after more than a year of stonewalling, to allow Ocean Spray to make a preliminary determination of whether or not there has been infringement, so it could decide whether to pursue the case. Decas' effort to equate Ocean Spray's preliminary March 2010 deposition to its current motion is unavailing. Decas ultimately may be entitled to a deposition on Ocean Spray's manufacturing process, but it has made no compelling case for great urgency, particularly where it waited until two months after completion of claim construction briefing to even serve the notice.

since Decas successfully argued that the Court should exclude live testimony because the expert's existing affidavits were sufficient. Whatever dubious new argument or insinuation Decas plans to gather from this Rule 30(b)(6) testimony, Ocean Spray is confident that its expert could put it into the proper perspective, if given the opportunity.

## Local Rule 7.2 Certification

The undersigned certifies that on November 12, 2010, counsel for Ocean Spray (Michael Zeliger) and counsel for Decas (Joel Leeman) conferred by telephone concerning Ocean Spray's conditional cross motions, in an effort to resolve or narrow the issues presented, but no agreement was reached.

| | |
|---|---|
| Dated:  November 17, 2010 | /s/ *Michael E. Zeliger*_____ |
| | Michael E. Zeliger (BBO # 633654) |
| | David A. Simons (BBO # 638740) |
| | K&L GATES, LLP |
| | State Street Financial Center |
| | One Lincoln Street |
| | Boston, MA  02111-2950 |
| | (617) 261-3100 Telephone |
| | (617) 261-3175 Facsimile |
| | Michael.Zeliger@klgates.com |
| | David.Simons@klgates.com |
| | |
| | Timothy C. Blank (BBO # 548670) |
| | Kevin S. Blume (BBO # 666364) |
| | DECHERT LLP |
| | 200 Clarendon Street, 27th Floor |
| | Boston, MA 02116-5021 |
| | (617) 728-7100 Telephone |
| | (617) 426-6567 Facsimile |
| | timothy.blank@dechert.com |
| | kevin.blume@dechert.com |
| | |
| | George G. Gordon (admitted *pro hac vice*) |
| | Evan W. Davis (admitted *pro hac vice*) |
| | DECHERT LLP |
| | Cira Centre |
| | 2929 Arch Street |
| | Philadelphia, PA 19104 |
| | (215) 994-4000 Telephone |
| | george.gordon@dechert.com |
| | evan.davis@dechert.com |
| | |
| | *Attorneys for plaintiff/counterclaim defendant Ocean Spray Cranberries, Inc. and counterclaim defendant Randy C. Papadellis* |

**Certificate of Service**

I hereby certify that on November 17, 2010, a copy of the above document was served by electronic case filing upon counsel of record.

/s/  *Michael E. Zeliger*_____

Michael E. Zeliger (BBO # 633654)