UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OCEAN SPRAY CRANBERRIES, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DECAS CRANBERRY PRODUCTS, INC.,<br><br>　　　　　Defendant.<br><br>DECAS CRANBERRY PRODUCTS, Inc.,<br><br>　　　　　Counterclaim-Plaintiff,<br><br>　v.<br><br>OCEAN SPRAY CRANBERRIES, INC. and RANDY C. PAPADELLIS,<br><br>　　　　　Counterclaim-Defendants. | Civil Action No. 08-CV-11738 (RWZ) |

**DECAS'S REPLY IN SUPPORT OF MOTION
TO COMPEL DEPOSITION TESTIMONY UNDER RULE 30(b)(6)**

Relying on a string of misstatements, Ocean Spray seeks to obstruct a properly noticed deposition, which Decas scheduled to occur during the limited time available in the discovery period agreed by the parties.

　　1.　**The notice conforms to the discovery schedule.** Ocean Spray cites a discovery proposal from Decas's counsel—which Ocean Spray accepted--that includes "the thought that the parties could begin depositions in mid-November, 2010." Since Decas noticed the Rule 30(b)(6) deposition for November 16, it is apparent that Decas is pulling no surprises on Ocean Spray.  On October 1, the Court endorsed the parties' joint motion [D.N. 65] for patent-related

1

discovery to conclude by December 17 or four weeks after the Markman ruling, whichever is later.  This leaves little time for tactics of delay.

2.     **The deposition accords with the parties' agreement.** The parties' understanding implicitly postpones till after Markman only those depositions that rely on document production.  For this reason, Decas expressly told Ocean Spray by e-mail that it foregoes any Ocean Spray production of documents in connection with the sought deposition.

3.     **Decas has good cause for taking the deposition and for doing so promptly.** Surprisingly, Ocean Spray appears to maintain that Decas needs to justify its request to take the deposition, and that Ocean Spray is the arbiter of any proffered reason.  Decas's motion to compel echoes what its counsel told Ocean Spray after noticing the deposition, namely, that "the sought testimony is expected to be relevant to claim construction."

This is true. Two of the four deposition topics pertain to Ocean Spray's measurement of inputs and outputs during the manufacture process, which may shed light in general on the formulation step of the single asserted claim, and more specifically on the understanding of the disputed term "level" that appears therein.  Even if the deposition fails in this regard, Ocean Spray has no basis for delaying it.

4.     **The deposition is in part prompted by testimony offered on Ocean Spray's behalf.** Ocean Spray affects wonderment that Decas seeks this testimony now, rather than 2-3 months ago.  As Ocean Spray knows, it was only in late October that its expert gave a deposition in which he took positions that Decas considers lacking in support.  Decas noticed the 30(b)(6) deposition promptly thereafter, and the sought testimony may indicate whether the expert's position has support.

5.      **Decas has not belittled extrinsic evidence.** Ocean Spray misrepresents Decas's view of extrinsic evidence. Decas did not argue that no extrinsic evidence beyond expert declarations and depositions was needed at the Markman hearing. Counsel urged the Court to exclude live expert testimony because it is unlikely to be necessary while very likely to increase the expense of the hearing. Decas also recited the prevailing emphasis on intrinsic evidence but never suggested that extrinsic evidence has no place in the Court's consideration.

6.      **Case law undermines Ocean Spray's opposition.** Ocean Spray cites irrelevant case law to exclude the imagined results of the deposition. Those two cases restate that claims are not to be construed by reference to the accused product (*Neomagic*) and that infringement does not arise from comparing the accused product to the patentee's commercial embodiment (*Aquatex*). As can be seen from the limited subject matter specified in the notice, the requested deposition seeks no information on the accused (namely, Decas's) method, and Decas does not intend to compare its method to Ocean Spray's. It seeks, among other things, to determine if light can be shed on either of the two disputed claim terms.

7.      **Live expert testimony remains unnecessary**. Ocean Spray seeks to leverage its obstruction of the deposition by asking the Court to revisit its order excluding live expert testimony from the Markman hearing. Any useful testimony from the Rule 30(b)(6) deposition will relate to facts of Ocean Spray's manufacturing and measurement practices. Ocean Spray, and more importantly the Court, needs no expert to process such facts. Moreover, Ocean Spray's retained expert would be of questionable help on these issues, as he admitted to having "no clue" as to how Ocean Spray manufactures any of its products. Deposition transcript of Prof. Brian Farkas, October 21, 2010, at 69:21-70:5.

8. **Cross-motions were never the subject of a conference**. Contrary to its LR 7.1 certificate, Ocean Spray did not in fact confer with Decas, yet another reason to deny its cross-motions. The "purpose of a full consultation . . . is to enable the parties to attempt to narrow, if not resolve, their dispute. It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 101 (D. Mass. 1996) (interpreting LR 7.1 and analogous federal rule).

WHEREFORE, Decas requests that the Court compel Ocean Spray to produce, before Thanksgiving Day, a witness prepared to answer questions on the topics included in Decas's deposition notice.

Dated:  November 18, 2010

Respectfully submitted,
DECAS CRANBERRY PRODUCTS, INC.
By its attorneys,

/s/  Joel R. Leeman
Joel R. Leeman (BBO# 292070)
Sunstein Kann Murphy & Timbers LLP
125 Summer Street
Boston, MA 02110
Tel: (617) 443-9292
Fax: (617) 443-0004
jleeman@sunsteinlaw.com

James F. Kavanaugh, Jr. (BBO# 262360)
Erin K. Higgins (BBO# 559510)
Conn, Kavanaugh, Rosenthal,
Peisch & Ford LLP
Ten Post Office Square
Boston, MA 02109
jkavanaugh@ckrpf.com

CERTIFICATE OF SERVICE

    I hereby certify that this document, filed through the ECF system, will be sent electronically on November 18, 2010 to the registered participants as identified on the Notice of Electronic Filing (NEF).

    /s/ Joel R. Leeman