UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11738-RWZ

OCEAN SPRAY CRANBERRIES, INC.

v.

DECAS CRANBERRY PRODUCTS, INC.

ORDER

January 7, 2011

ZOBEL, D.J.

Plaintiff Ocean Spray Cranberries, Inc. ("Ocean Spray") and defendant Decas Cranberry Products, Inc. ("Decas"), ask the court to construe two disputed terms in U.S. Patent No. 5,320,861 (filed Jan. 3, 1992).[1] "[T]he claims of a patent define the invention to which the patentee is entitled the right to exclude." Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005). The words of a claim are read in the context of the entire patent, including the specification, which is "the single best guide to the meaning of a disputed term." Id. at 1315. Extrinsic evidence may also be used "for a variety of purposes, such as to provide background on the technology at issue . . . [or] ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art." Id. at 1318. With that guidance, the

---

[1] The court adopts the constructions proposed jointly by the parties for three additional claim terms. (Joint Claim Construction and Prehearing Statement 3, Docket # 68.)

court has interpreted the sour fruit of these disputed claim terms into sweet and dried cranberries of clarity.

I.      **Term 1 - Claim 29**

| Claim Term | Construction |
|---|---|
| "formulating an infusion liquid having inherent soluble fruit component at a level equal to or greater than said decharacterized fruit" | formulating an infusion liquid having ISFC at a level such that, when mixed with said decharacterized fruit, there will be no net extraction of ISFC from the fruit into the liquid |

The parties jointly suggest that this language be construed to mean that the concentration of inherent soluble fruit component ("ISFC") in the syrup is equal to or greater than the concentration in the decharacterized fruit. They differ in that Ocean Spray suggests the relevant measure of concentration is weight of the ISFC in the fruit or syrup for volume of the respective fruit or syrup (also referred to as density), while Decas argues that the denominator should be weight rather than volume. After reviewing the parties' briefing, and hearing oral argument, I am persuaded that neither proposal accurately construes the claim.

This language concerning the infusion liquid formulation must be read as part of the entire claim 29, and most significantly the immediately following clause, which provides that the infusion liquid will be mixed with the fruit "without net extraction [of ISFC] from said decharacterized fruit." (Col.15 ll.10-12.) Plaintiff's proposed construction is inconsistent with this clause. The parties agree that, in a simplified model of diffusion, Ficke's law accurately predicts that particles will move along a diffusion gradient from areas of high density to areas of low density. In the real world,

2

Decas' expert explains, complicating factors could result in diffusion, i.e. net extraction from the fruit, even when the density of ISFC is the same in both the berries and syrup. (Wilhelmsen Dep. pp. 26-30, Docket # 64 Ex. A.)

Defendant's construction is also inconsistent with the patent, but for a different reason. The syrup is more dense than the fruit, so if the syrup has an ISFC weight/weight concentration equal to that of the fruit, the syrup will contain more ISFC per volume than the fruit. The result will be infusion of ISFC into the fruit. (Farkas Decl. ¶¶ 19-22, Docket # 63.) While this complies with the "no net extraction" requirement of the claim, it would exclude a preferred embodiment in the specification where "no net infusion or extraction of [ISFC] occurs." (Col.2 ll.45-46.) "A claim interpretation that excludes a preferred embodiment from the scope of the claim is rarely, if ever, correct." MBO Labs., Inc. v. Becton, Dickinson & Co., 474 F.3d 1323, 1333 (Fed. Cir. 2007) (alteration brackets omitted).

This patent, instead, instructs a functional approach to defining level. The level of ISFC must, in fact, be "equal or greater," in that the result of the mixing of the syrup and fruit is either equilibrium or infusion of ISFC into the fruit, but not extraction. (See col.2 ll.28-32.) It is of no relevance that, ex ante, the levels are equal according to one or the other arbitrary measure of concentration if the result of the infusion step is otherwise inconsistent with the requirement of no net extraction or a preferred embodiment in the patent.

This functional approach is described in an embodiment in the patent. The fruit has an ISFC concentration of 1% by weight, and the syrup is formulated with an ISFC

3

concentration of "approximately" 1% by weight. (Col.2 ll.38-43.) Because the densities of the syrup and fruit are not different by orders of magnitude, a weight approach will roughly approximate a "level equal." Critical, though, is the word "approximately" and the clause and sentence that follow; "equal in concentration to the level in the decharacterized fruit. During infusion, no net infusion or extraction of [ISFC] occurs." (Col.2 ll.44-46.) In other words, the infusion syrup is initially formulated using a weight/weight measure so that it has a roughly equivalent ISFC concentration, then the concentration is adjusted until there is actual equivalence, such that neither infusion nor extraction occurs.

## II.     Term 2 - Claim 29

| Claim Term | Construction |
|---|---|
| "without net extraction" | the weight of ISFC in the fruit increases or remains the same |

The parties also ask the court to construe the meaning of "without net extraction" of ISFC, specifically, whether the term refers to the weight or the concentration of ISFC in the fruit post-infusion. It is clear from the patent that the appropriate measure of "net extraction" is weight, not concentration.

A significant innovation of the patent is the ability to recycle the infusion syrup in its entirety. (Col.1 l.50-col.2 l.36.) If the weight of ISFC is greater in the syrup, post-infusion, additional ingredients can be added to the syrup to achieve the proper concentration for re-use. However, the total volume of syrup would increase as the syrup is reconstituted after each infusion step, and excess syrup containing ISFC would

4

eventually have to be discarded. Thus, the critical measure is weight, because if the weight of ISFC in the syrup does not increase, there will not be an excess of syrup after it is reconstituted for infusion and there will be no need to discard excess syrup.

|  |  |
|---|---|
| January 7, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |