UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11738-RWZ

OCEAN SPRAY CRANBERRIES, INC.

v.

DECAS CRANBERRY PRODUCTS, INC.

ORDER

April 8, 2011

ZOBEL, D.J.

    Ocean Spray Cranberries, Inc. ("Ocean Spray"), sues Decas Cranberry Products, Inc. ("Decas"), for patent infringement and Decas answered with 6 counterclaims.  Ocean Spray now moves for summary judgment on Decas' counterclaims (3) intentional interference with prospective business relations; (4) violation of Mass. Gen. Laws ch. 93A; (5) abuse of process; and (6) attempt to monopolize in violation of the Sherman Act, 15 U.S.C. § 2 (collectively the "non-patent counterclaims").  Counterclaims three and four arise out of a June 27, 2008, bid letter sent by Ocean Spray to Decas which alluded, for the first time, to infringement of an Ocean Spray patent.  Decas was obligated to disclose the potential liability to other bidders and the result, the company says, was that no acceptable bid was tendered.  The latter two counterclaims arise from the filing of this lawsuit.

    Ocean Spray argues that the non-patent counterclaims are preempted by federal law and barred by the Noerr-Pennington doctrine.  Antitrust and state-law tort liability

for communications that assert infringement of a patent and warn of potential litigation must be based on a showing of "bad faith" in order to overcome the preemption and Noerr-Pennington obstacles. Globetrotter Software, Inc. v. Elan Computer Group, Inc., 362 F.3d 1367, 1374 (2004). To prove bad faith, Decas has to show (1) that the pre-litigation communication, for counterclaims 3 and 4, and the lawsuit, for counterclaims 5 and 6, were objectively baseless in that no reasonable litigant could realistically expect success on the merits; and (2) subjective bad faith. Id. at 1375-77; see Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 62 (1993) (holding that "[t]he existence of probable cause to institute legal proceedings" entitles a defendant to Noerr immunity).

    Ocean Spray says that it sent the letter, and filed the lawsuit, because it knew the Decas sweetened dried cranberry ("SDC") infusion process produced minimal excess syrup. (Ocean Spray Mem. in Supp. 2-3, Docket # 83.) Excess syrup, the company asserts, is a necessary byproduct of any SDC infusion process that does not infringe its patent. Therefore, the letter and lawsuit are objectively reasonable.

    Summary judgment will be granted only if there is no genuine dispute of material fact. Fed. R. Civ. P. 56. Decas has demonstrated a genuine dispute of fact as to what, if anything, Ocean Spray knew about excess syrup accumulation when it sent the letter and later filed the lawsuit. Decas points to the affidavit of Jeffrey Carlson, the Chief Executive Officer, in which he states that during the bidding process the company did not provide, and was never asked to provide, any information to Ocean Spray or any other bidder regarding the accumulation of excess syrup. (Decl. of Jeffrey Carlson

¶¶ 6-8, Docket # 91.)  Ocean Spray supports its motion with emails, dated after the June 27 letter but before the lawsuit was filed (Docket # 85 Ex. D), asking Decas about excess syrup, but there is nothing in the record to indicate these questions were anything other than speculative.

    Ocean Spray's motion for summary judgment (Docket # 79) is DENIED.


|  April 8, 2011  |  /s/Rya W. Zobel  |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |